UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

EXELLENCE HOLDING, LLC                    CASE NO 6:16-BK 7750 (RAC)

_____Debtor._____/

**CREDITOR A&D MORTGAGE'S EXPEDITED MOTION TO**
**DESIGNATE DEBTOR AS SINGLE ASSET REAL ESTATE**
**ENTITY**
*(Creditor, A&D MORTGAGE respectfully requests this Motion be heard at the Chapter 11 Initial Status Conference set for January 25, 2017, at 10:30 a.m.)*

A&D MORTGAGE ("A&D"), secured creditor of Excellence Holding (the "Debtor"), by and through undersigned counsel, move this Court for an Order designating the Debtor as a "single asset real estate" entity in accordance with 11 U.S.C. §§ 101(51B) and 362(d)(3), and in support thereof state:

## I. BACKGROUND

1. On November 29, 2016, the Debtor filed its voluntary petition under Chapter 11 of the United States Bankruptcy Code ("Petition Date").

2. The Debtor's assets are comprised of real property located at: 2050 E. Irlo Bronson Memorial Hwy, Kissimmee, FL 34744 (the "Real Property").

3. The Debtor's income is entirely derived from the rental of the Real Property.

4. The Debtor has no ongoing business operations other than its efforts to market and rent the Real Property.

5. Accordingly, the Court should designate the Debtor as a single asset real estate entity pursuant to 11 U.S.C. § 101(51B), and should require the Debtor to adhere to the deadlines set forth in 11 U.S.C. § 362(d)(3).

## II. MEMORANDUM OF LAW

6. The Bankruptcy Code defines the term "single asset real estate," as follows:

> The term "single asset real estate" means real property constituting a single property or project, other than residential real property with fewer than 4 residential units, which generates substantially all of the gross income of a debtor who is not a family farmer and on which no substantial business is being conducted by a debtor other than the business of operating the real property and activities incidental thereto.

11 U.S.C. § 101(51B).

7. Therefore, a Debtor must satisfy three elements to be considered a single asset real estate debtor: "(1) the debtor must have real property constituting a single property or project (other than residential real property with fewer than 4 residential units), (2) which generates substantially all of the gross income of the debtor, and (3) on which no substantial business is conducted other than the business of operating the real property and activities incidental thereto." *In re Harbour E. Dev., Ltd.*, 10-20733-BKC-AJC, 2011 WL 6097063 (Bankr. S.D. Fla. 2011)(citing *In re Scotia Pacific Co., LLC,* 508 F.3d 214, 220 (5th Cir.2007)).

8. As discussed in greater detail below, the Debtor satisfies all three criteria and therefore, should be deemed a single asset real estate entity.

### A. The Debtor's Real Property Consists of a Single Property *and* Project

9. In the case at hand, the Real Property constitutes a single property and project.

10. The Debtor does not own any other form of real property.

11. Therefore, because the Real Property constitutes a single property and project, the first prong of the test set forth in *In re Scotia Pacific Co.* is met.

### B. The Real Property Generates Substantially All of the Gross Income of the Debtor

12. In analyzing the definition of single asset real estate, the definition set forth in 11 U.S.C. § 101(51B) "focuses upon whether substantially all of the gross income of [the] debtor was generated by the property, *not* on whether the [] estate has assets other than the property." *In re Global One, L.L.C.*, 411 B.R. 524, 528 (Bankr. S.D. Ga. 2009)(citing *In re Charterhouse Boise Downtown Properties, LLC.,* 2008 WL 4735264, at *2 (Bankr.D.Idaho Oct.24, 2008), and finding that the debtor was a single asset real estate debtor, "despite the fact that the bankruptcy case may involve more than a single asset")(emphasis added).

13. Although the Debtor may assert that it owns other assets, it is undisputed that the Debtor's income is entirely derived from the rental of the Real Property.

14. Therefore, the second prong of the *In re Scotia Pacific Co.* test is satisfied.

### C. The Debtor Conducts No Substantial Business Other Than Operating the Real Property and Activities Incidental Thereto

15. The Debtor also satisfies the final prong of the *In re Scotia Pacific Co.* test, because the Debtor is an entity whose sole purpose is to operate the Real Property with money generated from the Real Property. *See In re Kara Homes, Inc.*, 363 B.R. 399, 404 (Bankr. D.N.J. 2007)(citing *In re Philmont Dev. Co.*, 181 B.R. 220 (Bankr. E.D. Pa. 1995), where the court noted that single asset real estate "encompassed a real estate project 'owned by an entity whose sole purpose was to operate that real estate with monies generated by the real estate'").

*16.* Even if the Debtor asserts that it conducts business activities other than merely collecting rental income, the Court should consider whether "a reasonable and prudent business person would expect to generate substantial revenues from the operation activities—***separate and apart from the sale or lease of the underlying real estate***." *In*

*re Kara Homes, Inc.*, 363 B.R. at 406 (Bankr. D.N.J. 2007)(finding that the debtor's business operations, which included the acquisition of property, the design of homes and condominiums for that property, arranging for the construction of homes, the marketing and sale of homes and the building of a common space, amenities and roadways, were merely incidental to the debtor's efforts to sell the homes and condominiums, and ruling that the debtor was a single asset real estate debtor)(emphasis added).

17. The Debtor in this case does not generate substantial revenues – or in fact, any revenue that A&D is aware of – from any activities other than the rental of the Real Property.

18. Moreover, the Debtor is not engaged in any independent income producing activities that would otherwise be necessary to avoid a single asset real estate designation.

19. Therefore, the third and final prong of the *In re Scotia Pacific Co.* test is met.

## **CONCLUSION**

20. Although the Debtor has failed to properly designate this case as a single asset real estate case, the facts and case law clearly demonstrate that the Debtor is a single asset real estate entity.

21. The Debtor is merely an owner and lessor of the Real Property, with no business operations other than those incidental to rental of the Real Property.

22. Simply put, the Debtor exists for one purpose: to own and rent the Real Property. Thus, by definition, the Debtor is a single asset real estate entity.

23. And, as a single asset real estate entity, the Debtor must comply with 11 U.S.C. § 362(d)(3), which authorizes the Court to grant A&D relief from the automatic stay unless the Debtor, within 90 days of the petition date, or 30 days from the Court's determination that the case is a single asset real estate case, whichever is later, either: (a)

files a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable period of time; or (b) commences interest payments to A&D.

**WHEREFORE**, A&D Mortgage, through undersigned counsel, respectfully request that this Court enter an Order: (1) designating the Debtor as a single asset real estate entity; (2) directing the Debtor to either (a) file a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable period of time or (b) commence interest payments to A&D Mortgage, within the time periods specified under 11 U.S.C. 362(d)(3); (3) setting the Real Property for sale on a date subsequent to the expiration of the deadlines set forth in 11 U.S.C. 362(d)(3); and (4) granting such other and further relief as it deems just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished on January 16, 2017, via the Court's CM/ECF System to all parties who currently on the list to receive e-mail notice/service for this case, and via U.S. Mail to:

Respectfully submitted,

                MOSHE RUBINSTEIN LAW FIRM, P.A.
By:   /s/Daniel Y. Gielchinsky, Esq.
       Florida Bar. no. 97646
       *Admitted to the Bar of the Middle District*
       DANIEL Y. GIELCHINSKY, P.A.
       1135 Kane Concourse, 3rd Floor
       Bay Harbor Islands, Florida 33154
       Phone: (305) 763-8708
       E-mail: dan@dyglaw.com

       Moshe Rubinstein, Esq.
       Florida Bar no. 96704
       *Admission to the Bar of the Middle District pending*
       6100 Hollywood Blvd., Suite 305
       Hollywood, FL 33024
       (954) 987-0040 – Tel.
       (954) 967-6603 – Fax
       moshe@moshelaw.com - Email

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, on this 16th day of January 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that a true and correct copy of the foregoing was served via CM/ECF electronic transmission upon those parties who are registered with the Court to receive notifications in this matter, and by United States Mail on the parties listed below.

                                                   /s/ Daniel Y. Gielchinsky
                                                   Daniel Y. Gielchinsky

By e-mail:

Michael E. Golub, Esq.
Counsel to the Debtor
golublawoffice@aol.com

Audrey M Aleskovsky, Esq.
Jill E Kelso. Esq.
United States Trustee - ORL
USTP.Region21.OR.ECF@usdoj.gov
Office of the United States Trustee
Audrey.M.Aleskovsky@usdoj.gov
jill.kelso@usdoj.gov